**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Martha L. Woody, | ) | |
| | ) | |
| Plaintiff, | ) | CV-07-2164-PHX-DGC |
| v | ) | |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | **ORDER** |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The parties to this action agree that an Administrative Law Judge's ("ALJ's") decision to deny benefits under the Social Security Act was based on legal error. They have asked the Court to resolve their disagreement as to whether the case should be remanded for an award of benefits or for further proceedings. The Court will remand with instructions.[1]

**I.   Background.**

On February 21, 2007, an ALJ denied Plaintiff Martha L. Woody's applications for disability insurance benefits and supplemental security income. Tr. 20-30.[2] The Appeals Council denied review (Tr. 9-12), thereby rendering the ALJ's ruling the final decision of Defendant, the Commissioner of the Social Security Administration.

---

[1] Defendant's motion does not conform with the font and type-size limitations set forth in the Court's local rules. *See* LRCiv 7.1(b). Defendant should comply with these rules in the future.

[2] "Tr." refers to the Administrative Transcript.

Plaintiff challenges the Commissioner's decision to deny her benefits. Dkt. #13. This Court must affirm the Commissioner's decision to deny benefits unless "it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

Plaintiff and Defendant agree that the ALJ committed two legal errors. First, he improperly discounted Plaintiff's symptom testimony. *See* Dkt. #15 at 9 ("The ALJ erred by discounting Woody's symptom testimony in the absence of clear and convincing reasons for doing so."); Dkt. #16 at 4 (the ALJ's "credibility finding [as to Plaintiff's symptoms and limitations] is problematic because it is conclusory and not well supported."). Second, the ALJ improperly assessed Plaintiff's residual functional capacity ("RFC"). *See* Dkt. #15 at 9 ("The ALJ erred by determining [Plaintiff's RFC] without any basis in the record."); Dkt. #16 at 3 ("the ALJ did not fully consider the evidence of record and explain the rationale for his decision" regarding Plaintiff's RFC).

The parties disagree, however, as to the legal consequence of the errors. Unable to reach a voluntary stipulation as to what should happen next, the parties have asked the Court to intervene. Plaintiff has filed a motion for summary judgment, urging the Court to enter an order remanding the case for an award of benefits. Dkt. #15 at 11. Defendant seeks a Court order remanding the case for further administrative proceedings. Dkt. #16 at 6. The only issue to be decided is the remedy.

**II.    Discussion.**

Evidence should be credited as true and an action remanded for an award of benefits when the following three factors are satisfied: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). These conditions have not been met with respect to the evidence at issue.

**A.     Plaintiff's Testimony.**

"Pain of sufficient severity caused by a medically diagnosed 'anatomical, physiological, or psychological abnormality' may provide the basis for determining that a claimant is disabled." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (citing 42 U.S.C. § 423(d)(5)(A)). "If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). There is no dispute that the ALJ did not provide specific and cogent reasons for discounting Plaintiff's symptom testimony. *See* Dkt. #15 at 9; Dkt. #16 at 4.

Plaintiff asserts that the Court should credit her testimony as true insofar as it describes the severity of her symptoms. Dkt. #15 at 7; *see Varney v. Sec'y of Health and Human Serv.*, 859 F.2d 1396, 1401 (9th Cir. 1988) (adopting the 11th Circuit's "credit as true" practice as described in *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir.1987)). Plaintiff testified that, among other things, she had a work-related shoulder injury in 2003 (Tr. 443), has bulging disks in her lower back and upper back which lead to sharp pain in her back, shoulders, and neck (Tr. 445-46), has about four "bad" days per week during which she is unable to "stand or lay down or get comfortable in any position" because of pain (Tr. 446), experiences pain in her right knee (Tr. 446-47), has been diagnosed as diabetic and has been taking insulin for over ten years (Tr. 447), has migraines from ten to twelve days per month that may be incapacitating for one to four hours (Tr. 447-48), has been diagnosed with fibromyalgia (Tr. 448), can stand from fifteen to twenty minutes and sit no more than thirty-five minutes at a time (Tr. 449), and has been using a cane for over a year because she fell three or four times (Tr. 453).

Even if Plaintiff's testimony is credited as true, outstanding factual issues remain and it is not clear that Plaintiff would be found to be disabled. The transcript of the administrative hearing indicates that the vocational expert ("VE") was not asked a proper hypothetical question regarding an individual's ability to work based on the aforementioned

difficulties. The ALJ presented a single hypothetical situation to the VE that did not encapsulate these issues and that seemingly was based on a discredited version of Plaintiff's testimony. *See* Tr. 456. As noted above, the ALJ's impermissibly rejected Plaintiff's testimony and therefore a hypothetical premised on the discredited testimony was improper. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) (a hypothetical posed to a VE based on flawed findings is "legally inadequate") (citation omitted). When given his turn, Plaintiff's counsel also asked a single hypothetical: whether "a person who ten to twelve times a month is essentially incapacitated for one or two hours on a [sic] unpredictable basis" could "work on a regular and continuing basis[.]" Tr. 462. The VE replied that "[t]here would be no work" for such an individual. *Id.* But there is no accompanying testimony that Plaintiff had migraines, which brought about the incapacitation, for twelve months. *See* 42 U.S.C. § 423 (d)(1)(A) (a "disability" must "be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."). Plaintiff has not pointed the Court to any evidence suggesting otherwise. *See* 20 C.F.R. §§ 404.1512(a), (c) (the claimant bears the burden of proving the existence and severity of alleged impairments during the time of the alleged disability).

Plaintiff does note in her testimony that she had a shoulder injury in 2003, has been diagnosed as diabetic for over ten years, and has used a cane for more than a year. While these conditions may have been experienced on a sustained basis, the testimony does not show that they are disabling within the meaning of the Social Security Act. Plaintiff does not direct the Court to any evidence to the contrary. *See id.* And, even if the testimony clearly stated that these particular health issues were disabling, the VE was not asked about their effect on an individual's ability to work. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001) (a hypothetical posed to a VE must "reflect[] each of the claimant's limitations"); *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991) (suggesting that the failure to do so "would of itself require remand for reconsideration after the record is developed.").

Plaintiff's testimony, even if credited as true, does not establish that she had a disabling condition for the requisite statutory period. *See Smolen*, 80 F.3d at 1292; *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would *clearly be required* to award benefits[.]") (emphasis added; citation omitted). There are outstanding issues requiring adjudication at the administrative level, including whether Plaintiff had disabling conditions for at least twelve months, *see Sample v. Schweiker*, 694 F.2d 639, 644 (9th Cir.1982) (weighing the "validity of medical opinion offered" is a "function . . . uniquely within the ambit of the ALJ[.]"), and whether there are any available jobs in the national workforce available to her based on those disabling conditions, *see id.* at 643 (it is the role of the vocational expert to "translate factual scenarios into realistic job market probabilities.").

The Court will exercise its discretion and remand this case for further proceedings. *See* Dkt. #16 at 2 (it is within the court's discretion to remand for an award of benefits or for further agency proceedings); Dkt. #19 at 4 (same).

**B.     Plaintiff's Residual Function Capacity.**

A claimant's RFC is defined as the most he or she can do despite the limitations caused by physical and/or mental impairments. *See Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989). A claimant's RFC is to be determined by the ALJ and based on substantial evidence in the record. *See Lingenfelter*, 504 F.3d at 1035. "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Soc. Sec. Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996).[3]

The ALJ found, after discrediting Plaintiff's pain testimony, that Plaintiff had the RFC to do "light, unskilled work" with certain restrictions. Tr. 26. It is uncontested that this

---

[3]While lacking the force of law, Social Security Rulings are binding on ALJ's. *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 & n. 6 (9th Cir.1989).

- 5 -

1 determination is not supported by substantial evidence because the ALJ failed to explain how 2 he reached this RFC determination. *See* Dkt. #15 at 9-10; Dkt. #16 at 3. The ALJ's flawed 3 RFC determination is an independent reason to remand this case for further proceedings. 4 *See, e.g., Robbins*, 466 F.3d at 880 (remanding for additional administrative proceedings 5 where the ALJ did not properly explain why he set aside testimony).

**C.     Other Considerations.**

Plaintiff raises several prudential arguments. First, Plaintiff contends that the case should not be remanded to the ALJ who heard her case, Judge Ronald C. Dickinson, because he "ask[s] virtually identical hypothetical questions in the original hearing and the hearing upon remand" and as such "a remand to this ALJ would be an exercise in futility." Dkt. #19 at 2,4. The Court disagrees. This order explains where the ALJ's opinion deviated from applicable legal principles and thus provides some measure of guidance. Plaintiff cites no legal authority for her argument that the case should not be remanded to Judge Dickinson. More generally, Plaintiff has not given the Court sufficient reason to doubt that this particular judicial officer will not take seriously his duties to impartially and fairly weigh the merits of the case in accordance with the law.

Plaintiff also argues that judicial economy counsels in favor of remanding for an award of benefits rather than prolonging the resolution of this case. Dkt. #19 at 7. While judicial efficiency and convenience to Plaintiff would be served by remanding this case as Plaintiff suggests, these considerations must give way to a proper adjudication of Plaintiff's applications for benefits as defined by governing Ninth Circuit law.

Plaintiff complains that Defendant could have sought earlier to remand the case for an additional administrative hearing. Dkt. #19 at 9. For support, Plaintiff cites to *Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir. 1993), a case in which the Ninth Circuit remanded an ALJ's decision for an award of benefits where the Appeals Council "treated the record as complete" and therefore did not remand for a further administrative hearing. *Id*. at 1455. The Ninth Circuit independently assessed the record and agreed that the record was complete. *Id*. In this case, the Court has concluded that the record requires further factual

development. *Ramirez* therefore is inapposite.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Doc. #13) is **denied**.

2. Defendant's motion for remand (Doc. #16) is **granted**.

3. Defendant's administrative decision is **vacated and remanded**.

DATED this 23rd day of June, 2008.

_____
David G. Campbell
United States District Judge