**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha L. Woody, | No. CV-07-2164-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff brought this action to obtain judicial review of Defendant's denial of social security benefits. Dkt. #1. In an order dated June 23, 2008 (Dkt. #20), the Court denied Plaintiff's motion for summary judgment (Dkt. #13) and granted Defendant's motion to remand for further proceedings (Dkt. #16). The Ninth Circuit reversed with instructions to remand for an award of benefits. Dkt. #29.

Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. #32. Defendant has filed no response, and the time for doing so has expired. *See* LRCiv 7.2(c), 54.2(b)(3); Fed. R. Civ. P. 6(d).

Under the EAJA, the Court shall award attorney's fees to a prevailing party unless the United States shows that its position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001); *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995) ("The EAJA creates a presumption that fees will be awarded to prevailing parties."). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social

Security Act, 42 U.S.C. § 405(g). Dkt. ##1, 20; *see Gutierrez*, 274 F.3d at 1257 ("An applicant for disability benefits becomes a prevailing party for purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). By not opposing Plaintiff's motion, Defendant has not carried his burden of showing that his position in this case was substantially justified or that special circumstances make an award of fees unjust. Plaintiff is thus entitled to an award under the EAJA. *See* 28 U.S.C. 2412(d)(1)(A); *Gutierrez*, 274 F.3d at 1257-58.

Plaintiff's counsel, Mark Caldwell, has filed an affidavit and an itemized statement of fees showing that he worked 61.7 hours on this case and that the fees total $15,259.05. Dkt. #34. The Court finds the requested to be reasonable. *See* LRCiv 54.2(c)(3)(A)-(M) (listing factors bearing on the reasonableness of a fee award); *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983) (same). The Court will grant Plaintiff's motion and award her $15,259.05 in attorney's fees.

**IT IS ORDERED:**

1. Plaintiff's motion for attorney's fees (Dkt. #32) is **granted**.
2. Plaintiff is awarded **$15,259.05** in attorney's fees pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED this 16th day of March, 2010.

_____
David G. Campbell
United States District Judge